Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| CODOMEC & GLOBAL ASSOCIATE, LLC<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DE LA ADMINISTRACIÓN DE VIVIENDA PÚBLICA, DEPARTAMENTO DE LA VIVIENDA DE PUERTO RICO<br><br>Recurrida | KLRA202400509 | Revisión procedente de la Administración de Vivienda Pública<br><br>Subasta PRPHA-CG-IFB-23-24-10 FEMA PW Disaster Recovery Program Repairs for Jardines de Campo Rico Public Housing Development (RQ-005031) San Juan, PR (FEMA 4339/PW11019V0) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de octubre de 2024.

Al adjudicar una subasta, una agencia emitió una notificación defectuosa, en tanto (i) no advirtió a las partes sobre el foro al cual tenían que recurrir antes de solicitar revisión a este Tribunal, (ii) no ofreció explicación alguna para justificar su determinación de adjudicar la subasta a un licitador que no presentó la propuesta más económica. Al no haber la parte recurrente agotado el trámite administrativo que la ley actualmente requiere se agote antes de que este Tribunal pueda revisar este tipo de decisión, y al haber ello ocurrido por razón del incumplimiento por la agencia de advertir al respecto a las partes, lo cual fue aceptado por la agencia ante nosotros, nos vemos en la obligación de desestimar el recurso por prematuro. Una vez la agencia emita una notificación adecuada de su determinación, las partes que lo estimen procedente tendrán la oportunidad de impugnar la misma.

I.

En febrero de 2024, Custom Group, LLC. (el "Agente"), designado por la Administración de Vivienda Pública de Puerto Rico (la "Agencia" o "AVP") como administrador de un programa de la Agencia Federal para el Manejo de Emergencias (FEMA), conocido como *Permanent Works-Disaster Recovery Program,* envió electrónicamente un *Aviso* para una subasta (PRPHA-CG-IFB-23-24-10 EMA PW Disaster Recovery Program Repairs for Jardines de Campo Rico Public Housing Development (RQ-005031) (FEMA 4339/PW11019V0), o la "Subasta"). Ello como parte de los esfuerzos de reconstrucción o rehabilitación de los residenciales públicos luego del paso del huracán María.

En marzo de 2024, Codomec & Global Associate, LLC., ("Codomec" o la "Recurrente") presentó su licitación con una oferta ascendente a $4,597,891.61.

El 13 de agosto, el Agente envió por la vía electrónica, una *Notificación de Adjudicación* (la "Decisión"). Escuetamente, se le informó a Codomec que la licitadora agraciada había sido All Green Cleaning & Maintenance, LLC. ("All Green" o "Licitadora Agraciada"), quien presentó una oferta ($4,956,430.57) más costosa que la presentada por la Recurrente. Únicamente se expuso que All Green había sido seleccionada porque presentó "una oferta responsiva, económica y razonable, y se determinó que es un licitador responsable".[1]

En la Decisión, se incluyó la siguiente advertencia:

Toda persona, parte o entidad que considere que ha sido adversamente afectada en sus derechos por las decisiones tomadas por la Junta de Subastas o por esta Notificación de Adjudicación podrá, dentro del término de diez (10) días calendarios a partir del depósito de esta Notificación de Adjudicación en el servicio postal de los Estados Unidos, o envío por correo electrónico, **presentar una moción de reconsideración ante la Junta Revisora de Subastas del Departamento de la**

---

[1] Véase, Apéndice 4 del recurso, pág. 23.

**Vivienda** ("Junta Revisora") conforme a la sección 3.19 de la Ley Núm. 38 de 30 de junio de 2017, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico".

Esta Ley fue enmendada por la Ley Núm. 110 del 22 de diciembre de 2022, según enmendada, estableciendo nuevos términos para las solicitudes de reconsideración y revisión judicial. La moción de reconsideración se presentará en original y dos (2) copias a la secretaria de la Junta Revisora y una (1) copia de ésta se radicará a la Junta. Simultáneamente con la presentación de la moción de reconsideración, ésta será notificada por la parte adversamente afectada a todas las partes que sometieron ofertas y a la AVP.

Presentada la moción de reconsideración, la Junta Revisora deberá considerar la misma dentro de los diez (10) días laborables siguientes a la fecha de su presentación. Si la Junta Revisora toma alguna determinación con relación a la moción de reconsideración, el término para presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones comenzará a transcurrir a partir de la fecha del depósito en el servicio postal de los Estados Unidos de una copia de la notificación correspondiente. Si la Junta Revisora no toma alguna acción con relación a la moción de reconsideración dentro de los diez (10) días laborables de haberse presentado, se entenderá que ésta ha sido rechazada de plano y, a partir de esa fecha, comenzará a correr el término para la revisión judicial. […]

Cualquier parte que considere que ha sido adversamente afectada por la Notificación de Adjudicación o por la determinación de la Junta Revisora en cuanto a su solicitud de reconsideración, podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones a partir de los términos establecidos anteriormente pero dentro de los veinte (20) días de transcurrido el término.

**En la alternativa, la parte adversamente afectada podrá presentar un recurso de revisión administrativa ante la Junta Revisora de la Administración de Servicios Generales, dentro del término de diez (10) días calendarios** a partir del depósito en el servicio postal de los Estados Unidos o correo electrónico del Aviso de adjudicación de la subasta.[2] (Énfasis provisto).

El 26 de agosto, Codomec presentó una *Solicitud de Reconsideración* ante la Junta Revisora de Subastas del Departamento de la **Vivienda**. Transcurrió el término de diez (10)

---

[2] *Íd.*, a la págs. 24-25.

días para que dicha entidad acogiera dicha solicitud, sin que esta emitiera alguna determinación.

En desacuerdo, el 16 de septiembre, Codomec interpuso el recurso que nos ocupa; formula los siguientes señalamientos de error:

> Primer Error
> Erraron el Departamento de la Vivienda y la Administración de Vivienda Pública en su notificación de la notificación (sic) de adjudicación al incluir en esta advertencias incorrectas sobre los términos y foros para presentar solicitud de reconsideración y revisión judicial aplicables, tornando la notificación en una contraria a derecho e inoficiosa.

> Segundo Error
> Erraron el Departamento de la Vivienda y la Administración de Vivienda Pública al emitir la notificación de adjudicación sin incluir en esta la información mínima requerida aplicable a toda notificación en un procedimiento de licitación pública.

> Tercer Error
> Erraron el Departamento de la Vivienda y la Administración de Vivienda Pública al adjudicar la buena pro de la subasta a un licitador que no presentó la oferta más baja, sin que exista justificación para tal acción.

La Agencia presentó su postura el 17 de octubre. Reconoció que la Decisión era "defectuosa" porque las advertencias incorporadas a la misma, sobre el proceso de revisión de la adjudicación y los términos aplicables, eran "erróneas". Ello porque, de conformidad con la ley vigente, solicitar revisión de la Decisión ante la Junta Revisora de Subastas de la **Administración de Servicios Generales** ("ASG") es un "requisito jurisdiccional previo al proceso de revisión judicial" ante este Tribunal. También reconoció que la Decisión era defectuosa porque no se habían incluido "los nombres de todos los licitadores ... con una síntesis de sus propuestas, ni los defectos, si alguno, que tuvieron las propuestas de los licitadores perdidosos". Solicitó que desestimáramos el recurso para brindar a la Agencia la oportunidad

de "emitir nuevamente" la Decisión, de forma que "cumpla con las exigencias legales y reglamentarias aplicables". Resolvemos.

II.

Las subastas son procedimientos que lleva a cabo una entidad para que se presenten ofertas para la realización de obras o adquisición de bienes y servicios. *Perfect Cleaning v. Cardiovascular*, 172 DPR 139, 143 (2007). Una instrumentalidad pública utiliza el mecanismo de las subastas para llevar a cabo sus funciones como comprador de una forma eficiente, honesta y correcta. Así se logran proteger los intereses y el dinero del pueblo a la vez que se asegura la buena administración pública. *Aluma Const. v. A.A.A.*, 182 DPR 776, 782-783 (2011).

Las exigencias del debido proceso de ley, en su vertiente procesal, deben cumplirse según los siguientes requisitos: (1) notificación adecuada del proceso; (2) adjudicador imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el récord. *Rivera Rodríguez & Co. v. Lee Stowell*, 133 DPR 881, 889 (1993). El debido proceso de ley garantiza el derecho a una notificación adecuada y la oportunidad de ser escuchado y de defenderse. *U. Ind. Emp. A.E.P. v. A.E.P.*, 146 DPR 611, 616 (1998); *Rivera Rodríguez & Co., supra*; *Bco. Popular v. Andino Solís*, 192 DPR 172, 183-184 (2015).

Una notificación adecuada ofrece a las partes interesadas "la oportunidad de advenir en conocimiento real de la decisión tomada, a la vez que otorga a las personas cuyos derechos pudieran verse transgredidos una mayor oportunidad de determinar si ejercen o no los remedios disponibles por ley". *Picorelli López v. Dpto. de Hacienda*, 179 DPR 720, n737 (2010).

"El derecho a cuestionar una subasta adjudicada mediante revisión judicial es parte del debido proceso de ley y, por la misma

razón, resulta indispensable que la notificación sea adecuada a todas las partes cobijadas por tal derecho." *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 538 (2019).

En el caso de las subastas, la notificación ha de incluir: (1) los nombres de los licitadores que participaron en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y (4) la disponibilidad y el plazo para solicitar la reconsideración y revisión judicial. *Torres Prods. v. Junta Mun. Aguadilla*, 169 DPR 886, 895 (2007); *Pta. Arenas Concrete, Inc. v. J. Subastas*, 153 DPR 733, 743-744 (2001); véase, además, *Asoc. Vec. Altamesa Este v. Municipio de San Juan*, 140 DPR 24, 34 (1996); *L.P.C. & D, Inc. v. A.C.*, 149 DPR 869, 877 (1999); *Maldonado v. Junta Planificación*, 171 DPR 46, 57–58 (2007).

### III.

Por su parte, la Ley 38-2017, 3 LPRA secs. 9601 *et seq.* (la "LPAU"), aplica a todos los procedimientos administrativos conducidos ante todas las agencias que no estén expresamente exceptuados por dicha ley. 3 LPRA sec. 9604. Recientemente, la Ley 48 de 19 de febrero de 2024 (Ley 48-2024) y la Ley 153 de 12 de agosto de 2024 (Ley 153-2024), **ambas de vigencia inmediata**, enmendaron la Sección 3.19 de la LPAU, *infra*, que establece el procedimiento y término para solicitar la revisión administrativa de una adjudicación de subasta.

La Ley 48-2024, entre otros asuntos, derogó la Sección 3.19 de la LPAU y la sustituyó por una nueva Sección 3.19. De acuerdo con la exposición de motivos, lo anterior obedeció a la necesidad de aclarar que el único mecanismo disponible, administrativamente, para impugnar las determinaciones de una Junta de Subastas es el recurso ante la Junta Revisora de la ASG. Así, se eliminó la

reconsideración para atender las impugnaciones de adjudicaciones de subastas.  Además, se dispuso que "[l]a presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la [ASG] **será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones**" (énfasis suplido).

De otra parte, la Ley 153-2024 realizó una enmienda "técnica" a la Sección 3.19 de la LPAU, *infra,* "con el propósito de uniformar el término para solicitar revisión judicial al momento de impugnar una adjudicación en un proceso de licitación pública...".  Véase, Exposición de Motivos de la Ley 153-2024.

En la actualidad, la Sección 3.19 de la LPAU dispone lo siguiente:

> Los procesos de licitación pública se celebrarán de conformidad a la Ley 73-2019, según enmendada, salvo los procesos de licitación pública municipal que se realizarán de conformidad a la Ley 107-2020, según enmendada. Las agencias administrativas bajo la definición de Entidades Exentas para fines de la Ley 73-2019, vendrán obligadas a adoptar los métodos de licitación y compras excepcionales y a seguir los procedimientos establecidos en la Ley 73-2019, al momento de realizar sus compras y subastas de bienes, obras y servicios no profesionales. Las Entidades Exentas de la Ley 73-2019, deberán además cumplir con los términos y procesos que se establecen en esta Ley y en la Ley 73-2019.
>
> **La parte adversamente afectada por una determinación en un proceso de licitación pública podrá presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales dentro del término de diez (10) días calendario**, contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública. La Junta Revisora de Subastas de la Administración de Servicios Generales deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días calendario de haberse presentado la solicitud de revisión administrativa.  Si dentro de ese término, la Junta Revisora de la Administración de Servicios Generales determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no.  La Junta Revisora de la Administración de

Servicios Generales podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario.

Si se tomare alguna determinación en la revisión administrativa, el término para instar el recurso de revisión judicial ante el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, copia de la notificación de la decisión de la Junta Revisora de Subastas de la Administración de Servicios Generales adjudicando la solicitud de revisión administrativa. Si la Junta Revisora de Subastas de la Administración de Servicios Generales dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos dispuestos en esta Ley, se entenderá que este ha sido rechazado de plano, y a partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial. **La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.**

La parte adversamente afectada tendrá un término jurisdiccional de veinte (20) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales, o cuando venza el término que tenía la Junta Revisora de Subastas de la Administración de Servicios Generales para determinar si acogía o no la solicitud de revisión administrativa.

**La notificación de la adjudicación del proceso de licitación pública deberá incluir las garantías procesales establecidas en la Ley 73-2019 relativas a los fundamentos para la adjudicación y el derecho y los términos para solicitar revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales y revisión judicial.**

Las agencias administrativas, entidades apelativas, la Junta de Subastas de la Administración de Servicios Generales y la Junta Revisora de Subastas de la Administración de Servicios Generales tendrán que emitir sus notificaciones de manera simultánea y utilizando el mismo método de notificación para todas las partes. En aquellos casos en que se haya utilizado más de un método de notificación para todas las partes, el término para presentar el recurso de revisión administrativa o de revisión judicial comenzará a decursar a partir de la notificación o del depósito en el

correo del primer método de notificación. (Énfasis provisto). 3 LPRA sec. 9659

IV.

Por su parte, la Ley 73-2019, según enmendada, denominada como Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019 ("Ley 73"), 3 LPRA sec. 9831 *et seq.*, pretende unificar el poder de compras de las distintas agencias gubernamentales en una sola entidad, la ASG[3]. Véase, Exposición de Motivos de la Ley 73. El Artículo 3 de la Ley 73-2019, 3 LPRA sec. 9831, establece el alcance del estatuto y, en lo pertinente, dispone que: "[l]as disposiciones de este capítulo regirán los procesos de compras y subastas de bienes, obras y servicios no profesionales en todas las entidades gubernamentales y las entidades exentas".

En lo pertinente al contenido de la notificación de una adjudicación de subasta, el Artículo 32 de la Ley 73, 3 LPRA sec. 9834h, recoge también los requisitos mínimos que una notificación de adjudicación debe contener:

> [...] La notificación de adjudicación estará debidamente fundamentada y deberá incluir los fundamentos que justifican la determinación, aunque sea de forma breve o sucinta, en aras de que los foros revisores puedan revisar tales fundamentos y así determinar si la decisión fue arbitraria, caprichosa o irrazonable. Como mínimo, la notificación debe incluir: (1) los nombres de los licitadores que participaron en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos, y (4) la disponibilidad y el plazo para solicitar Revisión administrativa ante la junta revisora de subastas de la Administración de Servicios Generales y revisión judicial.
> [...]

En lo concerniente a la revisión de subastas en la ASG, el Artículo 63 de la Ley 73, 3 LPRA sec. 9838, decreta lo siguiente:

---

[3] Aunque la Subasta se realizó bajo las disposiciones de la Ley 71-2021, 21 LPRA sec. 581 *et seq.*, promulgada para agilizar los procedimientos de reconstrucción con fondos federales para desastres, de todas maneras aplica aquí el marco legal establecido por la LPAU, la Ley 73, y su jurisprudencia interpretativa.

Los procedimientos de adjudicación de subastas ante la Administración y la Junta de Subastas y los procedimientos de revisión de la adjudicación de subastas ante la Junta Revisora de Subastas, se regirán por los procedimientos establecidos en esta Ley y por cualquier disposición de la Ley 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", que no contravenga las disposiciones de esta Ley.

En cuanto al término para, y la obligación de, presentar la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la ASG, antes de acudir ante este Tribunal, el Artículo 64 de la Ley 73, 3 LPRA sec. 9838a, coincide con lo establecido en la Sección 3.19 de la LPAU, *ante*, al disponer lo siguiente:

La parte adversamente afectada por una decisión de la Administración, de la Junta de Subastas o de cualquier Junta de Subastas de Entidad Exenta podrá, dentro del término de diez (10) días calendario a partir del depósito en el correo federal o correo electrónico notificando la adjudicación de la subasta, presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales. Presentada la revisión administrativa, la Administración o la Junta de Subastas correspondiente elevará a la Junta Revisora de Subastas de la Administración de Servicios Generales copia certificada del expediente del caso, dentro de los tres (3) días calendario siguientes a la radicación del recurso. **La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones**. (Énfasis suplido).

Además, de acuerdo con el Artículo 66 de la Ley 73, el procedimiento de revisión administrativa es el siguiente:

La Junta Revisora deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días calendario de haberse presentado la solicitud de revisión administrativa. Si dentro de ese término la Junta Revisora de Subastas de la Administración de Servicios Generales determina acoger la misma tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no. La Junta Revisora de Subastas de la Administración de Servicios Generales podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario.

La Junta Revisora podrá citar a las partes dentro del término de diez (10) días calendario de haberse notificado la solicitud de revisión a las partes a una vista evidenciaria en la cual podrá recibir prueba adicional, sea testifical, documental, o física, que le permita tomar una determinación, en torno a la revisión ante su consideración. Asimismo, la Junta Revisora podrá recibir testimonio pericial, podrá recibir y solicitar exámenes de muestras de los productos en cuestión y podrá efectuar un análisis independiente y propio de los hechos, aspectos técnicos, y los demás asuntos contenidos en el expediente de la subasta o el requerimiento en cuestión. Además, podrá revisar de forma independiente y autónoma las determinaciones de hecho y conclusiones de la Junta de Subastas de la que se origina la solicitud de revisión, siendo las mismas revisables en todos sus aspectos.

Si se tomare alguna determinación en su consideración, el término para instar el recurso de revisión judicial empezará a contarse desde la fecha en que se depositó en el correo federal o correo electrónico copia de la notificación de la decisión de la Junta Revisora resolviendo la moción.

Si la Junta Revisora de Subastas de la Administración de Servicios Generales dejare de tomar alguna acción con relación a la solicitud de revisión dentro del término correspondiente, según dispuesto en esta Ley, se entenderá que esta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial. 3 LPRA sec. 9838c

V.

El análisis de la adjudicación de la Subasta revela la insuficiencia de su contenido y el incumplimiento craso con la normativa aplicable en cuanto a la notificación adecuada de una adjudicación de subasta. Veamos.

De entrada, surge de la Decisión que la notificación sobre el procedimiento de revisión disponible, así como los términos de dicho procedimiento son incorrectos. La Sección 3.19 de la LPAU, *ante*, expresamente dispone que el primer paso para revisar una adjudicación de subasta es la revisión administrativa ante la Junta Revisora de la **ASG** y que la Junta Revisora de la ASG dispondrá de un término de diez (10) días calendario para decidir si acoge o no la revisión administrativa.'

No obstante, de forma patentemente errónea, la Decisión notificó que la parte interesada podía solicitar revisión ante un foro distinto (Junta Revisora de Subastas de la **AVP**) y que dicha Junta tendría un término de diez (10) días **laborables** para acogerla. Según arriba expuesto, la presentación de una moción de reconsideración ante un foro distinto a la Junta Revisora de la **ASG** fue inequívocamente descartado como el vehículo procesal para solicitar la revisión inicial de la adjudicación de una subasta.

Además, en el caso de autos, la Decisión no incluyó: el nombre de los licitadores participantes, un resumen de sus propuestas, los factores considerados para adjudicar la buena pro, los defectos de las propuestas de los licitadores perdidosos. Tampoco se explicó por qué se escogió a un licitador que **no** había sido el más económico.[4]

Ante el hecho de que la Recurrente no acudió ante la Junta Revisora de la ASG, no tenemos jurisdicción para revisar la Decisión. Además, por razón de que la Decisión no advirtió a la Recurrente sobre el hecho de que la revisión de la Decisión necesariamente conllevaba, como primer paso, acudir ante la Junta Revisora de la ASG (a diferencia de la AVP), el término para recurrir ante este Tribunal nunca comenzó a transcurrir. Por tanto, resulta prematuro adjudicar los méritos de la Decisión.

VI.

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por prematuro. Se devuelve el caso a la Junta de Subastas de la AVP para que, en cuanto a la subasta objeto del

---

[4] En lo pertinente, el Inciso 3 de la Sección 4.3 del Reglamento 6106 del 25 de febrero de 2024, Reglamento de Subastas del Departamento de la Vivienda y sus Agencias Adscritas (Reglamento 6106), exige que, cuando se adjudique una subasta, "[el documento de adjudicación deberá constar de tres partes: el resumen de las ofertas, el desglose de cada partida según ha sido adjudicada o rechazada y el fundamento para cada acción". Véase, además, la Sección 7.217.13 del Reglamento Núm. 9230 de 18 de noviembre del 2020, Reglamento Uniforme de Compras y Subastas y la Sección 4.7 del Reglamento 6106. Aunque la Sección 4.7 del Reglamento 6106 no ha sido actualizada, lo cierto es que detalla todos los elementos que debe contener una adjudicación de subasta por la Agencia.

recurso que nos ocupa, actúe de conformidad con lo aquí resuelto y expresado y, así, notifique una nueva determinación que cumpla cabalmente con todos los requisitos reglamentarios y estatutorios pertinentes.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones